## LAFLEAUR v. SWITZER et al.
### No. 3133.

Court of Civil Appeals of Texas. Beaumont.
July 29, 1937.

Rehearing Denied Oct. 10, 1937.

E. L. Reid and H. M. Kinard, both of Orange, for appellant.

J. T. Adams, of Orange, and Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

This suit was filed by Macyl Switzer et al., in the district court of Orange county on the 11th day of May, 1936, for a writ of certiorari to review and declare void a judgment of the probate court of Orange county admitting to probate the will of Henry Lafleaur, deceased, wherein the appellant, Emaline Lafleaur, was named in-

dependent executrix. Although the petition for the writ contained many grounds of error, including some allegations attacking the validity of the will, such as undue influence, lack of testamentary capacity, etc., upon the trial the attacks on the will itself were abandoned and the question was narrowed to the attack upon the judgment probating it.

Henry Lefleaur died August 11, 1930. Application was promptly made to probate the will and on the 3d day of September, 1930, notice of the application was issued by the clerk, reciting that the application would be heard the next term of the court, commencing on the third Monday in September, 1930, same being the 15th day of September, 1930. The sheriff's return on the citation was as follows:

"Came to hand on the 3rd day of September, 1930, at 1:30 o'clock p. m. and executed on the 15th day of September, 1930, by posting copies of the within citation for ten days, exclusive of the day of posting, before the first day of the term of court to which this citation is returnable, at three of the most public places in Orange County, Texas, one of which was at the courthouse door of said county, one at Orangefield, and one at Vidor, no two of which places are in the same city or town.

"[Signed] W. P. Brown, Sheriff of Orange County, Texas.

"Fees:
Posting     $3.00
Mileage      4.75
_____
Total        7.75"

On September 26, 1930, judgment was entered admitting said will to probate and appointing the appellant, Emaline Lafleaur, named as independent executrix in the will, as independent executrix without bond. Plaintiffs alleged as grounds of the invalidity of said will that "on September 26, 1930, the application for probate of said purported will was heard in the county court of Orange County, Texas, and said purported will, upon said application, was not admitted to probate and an order entered in said court of date September 26, 1930, apparently admitting said will to probate and established same as the last will and testament of Henry Lafleaur, deceased, but in truth and in fact said judgment or order does not admit said will to probate and is ineffective for any purpose and is a nullity and the issuing of letters testa-

mentary to defendant upon her taking the oath required by law and without bond is void."

It is alleged that the order probating the will was an absolute nullity because the sheriff's return showed that the citation was not posted in the manner and for the time required by statute. The petitioners prayed for the writ of certiorari commanding the sending up of the records for a judgment declaring the probating of the will void, for a temporary injunction restraining the defendant, Emaline Lafleaur, from withdrawing or checking out of the bank any of the deceased's one-half of the cash on hand, alleged to be $15,000, and from encumbering, mortgaging or disposing of any of the real estate; that upon final hearing the injunction be made permanent. The defendant, Emaline Lafleaur, answered by various demurrers and exceptions and pleaded the statute of limitation against the certiorari, in that it had not been applied for for more than two years after the order under attack. This plea was sustained as to all plaintiffs except Mrs. Switzer, who was not subject to the bar by reason of minority. She also urged various defenses and pleaded that the sheriff's return was incorrect through error or mistake; that the notices were, in fact, posted for the time and the manner required by law, and prayed that in the event the court should deem it necessary that proof be heard, and the sheriff permitted to correct his return.

Upon the trial of the case the defendant, Emaline Lafleaur, offered as a witness W. P. Brown, who testified that he was the sheriff of Orange county from 1927 to 1936. That George Gibson had been one of his deputies who died early in 1931. That as sheriff he kept a sheriff's docket and fee book, showing when process was delivered to him and when it was executed and returned. That such docket was regularly kept and entries made at the time the transaction took place. George Gibson was charged with the duty of keeping such book in 1930. That the entries made in such book made on page 73, volume 3, with reference to cause No. 848, estate Henry Lafleaur, fourth entry from the top of the page, was in George Gibson's handwriting; the entry so identified was as follows: "848, Estate of Henry Lafleaur; date received September 3, 1930; when executed, September 4, 1930; when returned, September 16th, 1930; items and amount

of cost, citation on application to probate will, paid 9-26-30, $735; remarks and receipts, W. A. Gunning, county clerk."

The defendant offered the entry in the fee book but on objection of the plaintiff the trial judge excluded it and declined to hear proof contradicting or changing the return on the citation. At the conclusion of the trial, which was before the court without a jury, judgment was entered declaring the probating of the will a nullity and perpetuating the temporary injunction theretofore granted. From that judgment the appellant, Emaline Lafleaur, has appealed.

### Opinion.

It is clear from the record that the trial court was of the view that the sheriff's return was not subject to correction in the district court in this proceeding and that the return on the citation had the effect of establishing as a matter of law that the probate court was without jurisdiction to enter the judgment probating the will.

█ With reference to the facts which must be established in order to probate a will Vernon's Ann. Civil Statutes, article 3348, provides:

"Before admitting a will to probate, it must be proved to the satisfaction of the court: * * *

"3. That citation has been served and returned in the manner and for the length of time required by law."

It will be noted that the statute grounds the jurisdiction of the court to probate the will not upon the correctness of the return on the citation but upon proof satisfactory to the court "that citation has been served and returned in the manner and for the length of time required by law." The sheriff's return on the citation is in the nature of evidence of the fact. Of course, it may be said that in the absence of a showing properly made the return would be conclusive of the fact of service. But such returns may be amended. Vernon's Ann.Civil Statutes, art. 2044, reads: "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court."

The right conferred by statute of amending returns is unlimited in time. Employer's Reinsurance Corp. v. Brock (Tex.Civ. App.) 74 S.W.(2d) 435. And the amended return, when made, relates back and is regarded as filed when the citation was filed. Employer's Reinsurance Corp. v. Brock, supra; El Paso & S. W. Railway v. Kelly (Tex.Civ.App.) 83 S.W. 855.

█ It is the appellee's contention that, since this proceeding was in the form of certiorari and not by direct appeal, the matter of amending the officer's return could not be considered in the district court, and such apparently was the view of the trial court, as evidenced by his rulings. It is true, as contended by the appellees, that a proceeding by certiorari, although direct and appellate in its nature, is narrower in its scope in that the trial in the district court on certiorari merely reviews the action of the probate court for errors committed by that court. See Schwind v. Goodman, 221 S.W. 579, 580. But even so, the proceeding here was an attack upon the judgment of the trial court as an absolute nullity, based upon the sufficiency of the citation to confer upon the probate court authority to enter the order probating the will. Certainly that presented to the district court for determination the vital and controlling question of whether or not there had in fact been any citation, as required by the statute. It seems clear to us that the district court could properly receive testimony upon that issue and had power, should it be necessary, to allow the sheriff to amend his return so that the return would reflect the true facts with respect to the posting of the citation. If citation was in fact posted in accordance with the statute, then certainly the order probating the will was valid.

█ If citation was not posted in accordance with the statute, the will can still be probated upon the issuance of proper citation, since it was filed for probate within proper time.

For the errors discussed the judgment of the trial court is reversed, and the cause remanded for a new trial.