**Patrick S. MARTIN, Appellant,**

v.

**Sam D. VENTURA, Appellee.**

**No. 687.**

Court of Civil Appeals of Texas, Tyler.

April 12, 1973.

William V. Dorsaneo, III, Mike L. Riddle, W. Ted Minick, Dallas, for appellant.

David R. Snodgrass, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a judgment in which an interlocutory default judgment against appellant Patrick S. Martin was made final and damages against him were awarded. Appellee Sam D. Ventura (plaintiff below) filed this suit in the 160th District Court of Dallas County, Texas, against Patrick S. Martin (defendant below) and others, seeking judgment against defendants as guarantors on a lease. Appellee was the lessor. An interlocutory default judgment was entered against the appellant, which judgment ordered "that the damages sustained by Plaintiff, for which Defendant Patrick S. Martin is liable by reason of his default," be determined on the merits to be heard along with plaintiff's cause of action against the other defendants. Appellant filed a motion to set aside the interlocutory default judgment. Hearing was had upon such motion at the same time the case was heard upon the merits before the court without a jury, after which the trial court entered final judgment in which appellant's motion to set aside the interlocutory default judgment was overruled and damages were awarded against appellant. From such judgment the appellant has prosecuted this appeal.

Appellant first contends that the trial court erred in overruling his motion to set aside the interlocutory default judgment.

Appellee filed this suit on June 22, 1970. Citation was issued on June 22, 1970. The officer's return thereon which was filed August 12, 1970, shows that service was had on Patrick S. Martin on the 24th day of June A. D., 1970, at 7:04 o'clock a. m.

Appellant contends that such service was never effected on him and that he had no knowledge of this suit until he received a letter forwarded to him from an old address during approximately the first week in June, 1972. The interlocutory default judgment was entered against defendant on December 3, 1971. Defendant's motion to set aside the interlocutory default judgment was filed on June 16, 1972. Evidence introduced at the hearing on appellant's motion to set aside the judgment consisted of the testimony of the appellant, Patrick S. Martin; Mr. Charles Jones, a Deputy of the Dallas County Constable's Office; the appellee, Sam D. Ventura; and of Joe Melvin Clayton, an employee of the defendant.

Appellee's original petition alleged that appellant Martin at the time of the filing of the suit resided at 4422 Belfort Place.

Appellant testified that on June 24, 1970, he lived at 4422 Belfort Place, as recited in the original petition, and that at the date and time recited on the return of citation he would have been at his residence. He also testified that at the time in question, he lived alone in the house; that it was "quite remote" that he was served at 7:04 a. m. on the date as shown on the officer's return, since he didn't get up that early and it would have been "rather difficult" to hear the doorbell; however, on cross-examination he testified that it was possible he was served at such time, but that he thought he would have remembered it. He

also testified that he had been served with citation in 12 or 15 other cases, some of which were served upon him at his residence at times he didn't specifically recall.

Appellant called his servant Mr. Joe Clayton as a witness for the purpose of showing that such servant had never seen the deputy-constable who perfected service. On cross-examination, however, Mr. Clayton testified that on the date of service of process, he did not arrive for work at the house until 7:30 or 7:45 a. m., which time was well after the time of service as recited in the return of citation.

Mr. Charles Jones, the deputy-constable, who allegedly served process upon appellant was also called as a witness by the appellant. He testified that at the time in question, he was assigned to serve process in the area where appellant's home was located; that he didn't specifically recall serving process on appellant but that he did recognize appellant's face; that the handwriting on the face of the citation showing service on appellant at 7:04 a. m. was his; that he commonly served process in the early morning hours; that he has never served the wrong man; and that he never leaves process with someone other than the person to be served unless pursuant to Rule 106, or unless the defendant's attorney accepts service.

The trial court in its final judgment of July 17, 1972, recites therein that the appellant Patrick S. Martin "was personally served with process in this cause and has failed to show his lack of negligence in failing to file an answer to or otherwise timely appear in this cause before entry of the interlocutory default judgment against him; * * *."

The appellant has attacked the default judgment on the sole ground that he was not served with process. Thus, appellant's right to have the default judgment set aside depends solely upon resolution of the fact issue, if any, of whether he was personally so served which must be deter-

mined by the trier of the facts, "and the testimony of the moving party alone, without corroborating facts or circumstances, is not sufficient to overcome the presumption that the officer's return on the citation was correct." Ward v. Nava, 488 S.W.2d 736 (Tex.1973). The burden was on Martin to establish his case by a preponderance of the evidence as in any other fact issue. Ward v. Nava, supra. The trial court found in its final judgment that appellant was personally served with process in this cause. Under the evidence in this case we cannot disturb this finding. Ward v. Nava, supra. A party duly served with citation to appear and defend may not relieve himself of burden of default judgment rendered against him unless he thoroughly demonstrates that he was free of negligence or conscious indifference in failing to answer. Harris v. Lebow, 363 S.W.2d 184 (Tex.Civ.App., Dallas, 1962, writ ref., n. r. e.); Young v. Snowcon, Inc., 463 S.W.2d 225 (Tex.Civ.App., Houston, 1971, n. w. h.). Appellant has not met this burden.

As we have stated, the sole ground asserted by appellant in his motion and by his testimony at the hearing thereon as to his failure to timely answer was "that he had not been served with process." Appellant asserts no other excuse or reason for failure to answer. In this respect Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939) and Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966) are distinguishable from this case.

The return of service filed of record which was before the trial court is prima facie evidence of the facts therein cited, namely that appellant was served with process in this case at 7:04 a. m. on June 24, 1970. Derrick v. County Board of Education of Donley County, 374 S.W. 2d 259 (Tex.Civ.App., Amarillo, 1963, application for writ dismissed); Cortimiglia v. Miller, 326 S.W.2d 278 (Tex.Civ.App., Houston, 1959, n. w. h.); Dickinson v. Dickinson, 173 S.W.2d 549 (Tex.Civ.App.,

Waco, 1943, n. w. h.). A default judgment rendered on the basis of a return of service filed of record will not be set aside for failure of personal service in the absence of clear, satisfactory and convincing proof of lack of service of the process by the officer who made it. Cortimiglia v. Miller, supra; Leibowitz v. San Juan State Bank, 409 S.W.2d 586 (Tex.Civ.App., Corpus Christi, 1966, n. w. h.); Wright v. Austin, 175 S.W.2d 281 (Tex.Civ.App., Ft. Worth, 1943, err. ref. w. o. m.); Lafleaur v. Switzer, 109 S.W.2d 239 (Tex.Civ.App., Beaumont, 1937, n. w. h.). Furthermore, the presumption of accuracy of a return of service may not be impeached by the uncorroborated testimony of the person against whom service of process is presumed and that the proof of impeachment must be clear and satisfactory. Cortimiglia v. Miller, supra; Leibowitz v. San Juan State Bank, supra; Ward v. Nava, supra; Sgitcovich v. Oldfield, 220 S.W.2d 724 (Tex.Civ.App., Galveston, 1949, writ ref.); Harrison v. Sharpe, 210 S.W. 731 (Tex. Civ.App., Amarillo, 1919, writ ref.); Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908 (1889).

 Appellant at the hearing on his motion to set aside the default judgment offered no evidence to corroborate his testimony that he was not served with process as shown by the officer's return. The testimony of appellant's servant, Mr. Clayton, cannot be deemed corroborative since such witness testified that he did not arrive at appellant's home until after the time that service was effected according to the officer's return. The serving officer Jones testified that he had no independent recollection of serving appellant at the time in question; that he serves about 2,500 documents each year. It has been consistently held, however, that a showing that the serving officer does not remember the specific occasion of service of process is not proof sufficient to corroborate the testimony of appellant. Cortimiglia v. Miller, supra; Crawford v. Gibson, 203 S.W. 375, 379 (Tex.Civ.App., Dallas, 1918, writ ref.).

There being *no evidence* at all impeaching the officer's return except the testimony of the appellant, the party alleged to have been served, no issue of fact was raised. Sanders v. Harder, 148 Tex. 593, *227 S.W.2d 206, 210 (1950)*.

From what we have said it becomes obvious that it is our opinion that the trial court did not commit error in refusing to set aside the default judgment.

The appellant next contends that the amount of damages awarded by the judgment is not supported by the evidence.

After a careful review of the entire record and the authorities cited by both parties, we have concluded that there is ample evidence in the record to support the damages awarded.

The judgment of the trial court is affirmed.