Timothy Pierre SAUVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00618–CR.

Court of Appeals of Texas, Dallas.

July 9, 1982.

Discretionary Review Refused Oct. 27, 1982.

Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., R. K. Weaver, Asst. Dist. Atty., for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

AKIN, Justice.

Defendant appeals from his conviction for murder. On the date of the offense, December 18, 1978, defendant was fifteen years old. Because of defendant's age, the juvenile court conducted certification proceedings and rendered an order of waiver of jurisdiction and transferred him to criminal district court. Defendant did not appeal from this order, although he had successfully appealed from a prior transfer order in the same case. A jury in the criminal district court then found defendant guilty and assessed punishment at fifty years.

On appeal defendant contends that the criminal district court lacked jurisdiction over him because no formal written order was entered by the juvenile judge directing the juvenile probation officer to serve him with citation of the transfer proceeding in juvenile court. Although defendant concedes the undisputed fact of service of process, he contends, in this collateral attack on the juvenile court's transfer order, that service was invalid because no written order was entered of record by the juvenile judge finding that the juvenile probation officer was a suitable person to serve process and directing that officer to serve defendant with notice. Both requirements as to suitability and direction to serve process are set forth in Tex.Fam.Code Ann. § 53.07(c) (Vernon 1975). Thus, our

question is whether we may presume on this collateral attack upon the transfer order that this statute was adhered to or whether a formal order showing compliance must be formally signed and entered. We hold that, in a collateral attack, a presumption exists that the juvenile judge complied with § 53.07(c) and that the burden to show invalidity of service was upon the defendant. Accordingly, we affirm.

■ Defendant argues that the trial court lacked jurisdiction over him because the State failed to properly serve him with citation in the juvenile court pursuant to Tex.Fam.Code Ann. § 53.07(c) (Vernon 1975), which provides that: "Service of the summons may be made by *any suitable person under the direction of the court.*" [emphasis added] Defendant concedes that he was served with notice of the transfer proceeding by a juvenile probation officer, but argues that because service was effected by a person other than a sheriff or constable, as authorized by Tex.R.Civ.P. 15, then the record must affirmatively show by written order of the juvenile judge that the person executing service was a suitable person acting "under the direction of the court." We do not agree and hold that where a return is valid on its face, as here, the defendant has the burden of establishing that the officer was not directed to serve summons by the juvenile judge and was not suitable.

■ Ordinarily, an officer's return which is valid on its face carries a presumption of the truth of the facts stated on the return and of regularity. A defendant may rebut this presumption, but his testimony alone is insufficient; instead, he must offer other corroborating facts and circumstances to rebut the presumption. *See Martin v. Ventura,* 493 S.W.2d 336, 338 (Tex.Civ.App. —Tyler 1973, no writ); *Lafleaur v. Switzer,* 109 S.W.2d 239, 241 (Tex.Civ.App.—Beaumont 1937, no writ). Furthermore, defects on the face of the officer's return must be

attacked in the trial court, which in this instance was the juvenile court. Requiring that these defects be raised at the trial level, affords the opposing party the opportunity to amend the process or to prove service pursuant to Tex.R.Civ.P. 118.[1]

■ Although a juvenile must be served with citation and may not waive the right to service of citation, *Matter of W.L.C.,* 562 S.W.2d 454, 455 (Tex.1978), because defendant concedes that he was served with process, no question is presented other than whether the service was invalid because no written order directing the probation officer to serve defendant was entered. We conclude that a written order need not be entered for the service to be effective under the Family Code because a presumption exists that the juvenile probation officer would not have executed service unless directed by the juvenile judge.

Instead of implying a presumption of regularity, i.e., that the probation officer would not have served the defendant unless directed to do so by a written order filed in the proceeding by the juvenile judge, the dissenting opinion applies a presumption that if no written order appears in the record, then the probation officer was not a suitable person directed by the juvenile judge to serve summons upon the defendant. The dissent cites no authority for this proposition and we know of none. Furthermore, a reading of Tex.Fam.Code Ann. § 53.07(c) (Vernon 1975) does not even suggest the conclusion reached by the dissent. Indeed, the dissent adds a requirement of an order to the language of § 53.07(c). Had the legislature intended that a formal written order be entered by the juvenile judge to authorize service under this section, then the legislature could easily have done so. But the legislature apparently chose not so to do and we cannot add to a statute that which the legislature chose not to add. Certainly, the statute does not say that unless a formal written order is en-

---

1. Tex.R.Civ.P. 118 provides:

 At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of

service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

tered, finding the juvenile probation officer to be a suitable person to execute service and directing him to do so, an oral direction by the juvenile judge is ineffective, thus rendering void the service, as well as the entire proceeding in both the juvenile court and the criminal district court. Such a result is totally unwarranted from a reading of this provision in the family code.

 Our holding is consistent with the fact that juvenile probation officers work under and for the juvenile judge and are trained to deal with juveniles. Because a juvenile probation officer may be familiar with the person served or may have worked with the juvenile in an attempt to rehabilitate him, the officer is a suitable person, as a matter of law, to serve notice on a juvenile. *P. G. v. State,* 616 S.W.2d 635, 638 (Tex.Civ.App.—San Antonio 1981, no writ), and thus a likely person to be directed by the juvenile judge to serve process. In this case, the record reflects that the juvenile court entered an order directing that the summons be issued and that summons was executed by a probation officer, which fact defendant concedes. Because probation officers are suitable persons to issue summons and likely to be directed so to do by the juvenile judge, we conclude that the officer's return was valid on its face. Thus, defendant had the burden of challenging any alleged defects in the officer's return in the juvenile court. Although defendant appealed from the original transfer order, which this court reversed in *T. P. S. v. State,* 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), this question was not presented. Since defendant raised no challenge in the juvenile court or in this court on appeal from the transfer order and, since the officer's return is valid on its face, he cannot successfully collaterally attack the judgment of the juvenile court on this appeal from his conviction in the criminal district court.

 Although a juvenile may not waive service of process, he may waive the right to complain of whether a formal order need be entered by the juvenile judge finding the service suitable and directing service, both of which matters go to form rather than substance. Consequently, in view of the authorities with respect to service, *supra,* we hold that the service was executed in compliance with the Family Code and valid. Thus, the transfer order was not void for lack of a formal order showing compliance with the Family Code. Consequently, the criminal district court had jurisdiction. Accordingly, the judgment is affirmed.

WHITHAM, dissenting.

I respectfully dissent. Because I agree with appellant's first ground of error that the criminal trial court lacked jurisdiction over appellant because of the failure to give proper notice in the certifying juvenile court, I would reverse.

Appeal is taken from the criminal action in the district court, rather than from the transfer order of the certifying juvenile court. Appellant's contention that the certifying juvenile court lacked jurisdiction, however, although a collateral attack, is properly before us. Transfer orders from the juvenile court may be collaterally attacked if there was no jurisdiction in the juvenile court. *Johnson v. State,* 551 S.W.2d 379 (Tex.Cr.App.1977). The failure of the certifying juvenile court to give proper notice of transfer proceedings deprives that court of jurisdiction and, in turn, deprives the criminal trial court of jurisdiction. *Johnson v. State,* 594 S.W.2d 83 (Tex.Cr.App.1980); *Grayless v. State,* 567 S.W.2d 216 (Tex.Cr.App.1978); *Johnson v. State,* 551 S.W.2d 379 (Tex.Cr.App.1977). The question, therefore, is whether the certifying juvenile court gave proper notice of the transfer proceedings to appellant. I would hold that it did not.

At the outset I note that because juvenile transfer proceedings are civil proceedings, summonses may be served either under Tex.R.Civ.P. 15, which provides for service by a sheriff or constable, or under Tex.Fam. Code Ann. § 53.07(c) (Vernon 1975). That section provides:

(a) If a person to be served with a summons is in this state and can be found, the summons shall be served upon him

personally at least two days before the day of the adjudication hearing. . . .

. . . . .

(c) Service of the summons may be made by any suitable person under the direction of the court.

Appellant concedes, and the record reflects, that he was personally handed a summons by Rex Uberman, a juvenile probation officer.[1] Appellant argues, however, that because the record does not include any order of the court allowing service by the probation officer, or any person other than a sheriff or constable, the service of the summons was defective and the certifying juvenile court thus lacked jurisdiction to conduct transfer proceedings and to transfer his case to the criminal trial court. This argument is well taken. By requiring that service be made by a "suitable person under the direction of the court," section 53.07 clearly contemplates that the juvenile court exercise supervisory powers over the person who is to serve the summons. Without an order by the trial court finding a particular person or a particular class of persons suitable and without an order by the trial court directing that service be given by such a suitable person or a particular class of persons, such as probation officers, either as a procedure to be customarily followed in that court, or in a particular case, I cannot agree that the mandate of section 53.07 has been complied with. *Cf. P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.,* 629 S.W.2d 142 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) (Postcard notice of a trial setting does not satisfy the requirements of Tex.R.Civ.P. 21a in the absence of either a general or specific order of the trial court that postcard notice may be used). Because there is no affirmative showing in the record that appellant was served with summons by a suitable person under the direction of the court, I would hold that the certifying juvenile court and, in turn, the criminal trial court lacked jurisdiction over appellant.

1. Because the state chose to attempt service under the family code, our opinion is limited to service in that situation and is inapplicable to

situations in which a juvenile is served by a sheriff or constable under Tex.R.Civ.P. 15.