**In the Matter of R.A.G., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–01550–CV.

Court of Appeals of Texas, Dallas.

April 5, 1993.

Rehearing Denied June 14, 1993.

Wesley H. Stewart, for appellant.

Judy Millsap, for appellee.

Before LAGARDE, MALONEY and MORRIS, JJ.

## OPINION

MORRIS, Justice.

The 199th District Court of Collin County sitting as a juvenile court granted the State's petition for waiver of jurisdiction and discretionary transfer. The State's petition alleged appellant, a juvenile, committed capital murder, solicitation of capital murder, and attempted capital murder. The juvenile court conducted a transfer hearing and on May 13, 1992, waived its juvenile jurisdiction and transferred the case to the district court for adult criminal proceedings.

In five points of error, appellant contends: (1) the trial court's order of transfer is void for lack of jurisdiction due to the failure of the trial court (a) to direct the issuance of a summons to appellant and (b) to serve appellant with a proper summons; (2) the trial court erred in partially overruling appellant's motion to close the proceedings to the public; (3) the order of transfer is fundamentally defective because the trial court failed to find probable cause regarding each offense alleged; and (4) the evidence is insufficient to find probable cause that appellant committed capital murder. We affirm the trial court's judgment.

## DISCUSSION

In his first point of error, appellant contends the trial court's order of transfer is void for lack of jurisdiction due to the trial court's failure to direct the issuance of a summons to appellant. Appellant asserts *the trial court* was required to direct issuance of a summons to appellant but did not do so. The record contains a summons commanding the sheriff or any constable to summon appellant to the juvenile court. Above the signature line appearing on the summons is written "Hannah Kunkle, District Clerk, Collin County, Texas, Duly Designated and sit-

ting as a Juvenile Court in said County By: /s/ Judy Blayne, Deputy /s/." The trial judge's signature does not appear on the summons. The summons does not expressly say it was issued by the trial court.

When reviewing a statute, we interpret the language by its "plain and ordinary meaning, construing it reasonably and with common sense." *In re D.B.C.*, 695 S.W.2d 248, 249 (Tex.App.—Austin 1985, no writ). Section 54.02(b) of the Texas Family Code states in pertinent part:

> (b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

TEX.FAM.CODE ANN. § 54.02(b) (Vernon 1986). Section 53.06 of the Family Code states in pertinent part:

> (a) *The juvenile court* shall direct issuance of a summons to:
>
> (1) the child named in the petition;
>
> (2) the child's parent, guardian, or custodian;
>
> (3) the child's guardian ad litem; and
>
> (4) any other person who appears to the court to be a proper or necessary party to the proceeding.

TEX.FAM.CODE ANN. § 53.06(a) (Vernon 1986) (emphasis added). Appellant contends compliance with these provisions is jurisdictional, citing *In re H.R.A.*, 790 S.W.2d 102 (Tex. App.—Beaumont 1990, no writ).

We agree a juvenile must be served with summons and may not waive the right to service of summons. *In re W.L.C.*, 562 S.W.2d 454, 455 (Tex.1978). But where a return of service of a summons is valid on its face, the defendant has the burden of establishing service was not directed by the juvenile court and, therefore, was not in compliance with section 53.06(a) and, consequently, section 54.02(b). *See Sauve v. State*, 638 S.W.2d 608, 610 (Tex.App.—Dallas 1982, writ ref'd). Ordinarily, an officer's return valid on its face carries a presumption of the truth of the facts stated on the return and of

regularity. *See id.* Because the record reflects appellant was served with the summons, the only question is whether the summons served was invalid because its issuance was not directed "by the juvenile court."

Our analysis begins with recognizing a clerk of a court works under the direction of the trial court. The clerk is the trial court's ministerial officer, and the act of issuing a summons is ministerial. *See Sharp v. State*, 677 S.W.2d 513, 514–16 (Tex.Crim. App.1984); *Henderson v. Moore*, 189 S.W.2d 59, 61 (Tex.Civ.App.—Waco), *aff'd*, 144 Tex. 398, 190 S.W.2d 800 (1945). The clerk has the ministerial duty of performing the act of actually issuing a summons for the trial court. We hold that when the clerk of a court performs the ministerial act of issuing a summons, a presumption exists the issuance of the summons was directed by the trial court. *See Sauve*, 638 S.W.2d at 610. Because the clerk of the court issued the summons, we hold the juvenile court directed issuance of the summons to appellant. We overrule appellant's first point of error.

In his second point of error, appellant contends the trial court's order of transfer is void for lack of jurisdiction because the summons was directed to the sheriff or any constable and not to appellant. The summons states, "You are hereby commanded to summon [appellant to appear] ... before the Honorable Juvenile Court of Collin County, Texas." Appellant argues the summons must be *directed to* him.

Appellant cites only Black's Law Dictionary as authority for his argument that a summons must be directed to him. The Texas Family Code, however, requires the juvenile court to direct *issuance of* the summons to the juvenile. TEX.FAM.CODE ANN. § 53.06(a) (Vernon 1986). We already have held the issuance of the summons was directed to appellant by the juvenile court.

The summons issued in this case commanded appellant to be summoned to appear before the juvenile court. The return of service signed by R.L. Ellison [1] indicates appellant was served personally at the Collin County Juvenile Detention Center on April

---

1. Apparently a deputy constable.

22, 1992, with the summons and a copy of the petition. It is undisputed a copy of the petition accompanied the summons. The summons informed appellant of the purpose of the proceeding as required by section 54.-02(b) of the Texas Family Code. We hold the requirements of the Texas Family Code have been satisfied and jurisdiction was conferred upon the juvenile court in this cause. We overrule appellant's second point of error.

 In his third point of error, appellant contends the trial court abused its discretion in failing to close the juvenile proceedings. Prior to the hearing, appellant filed a written motion to close the hearing to the public under section 54.08 of the Texas Family Code. The trial court partially closed the proceedings. It allowed the press to be present but excluded the public otherwise.

Section 54.08 reads as follows:

Except for any hearing on a petition that has been approved by the grand jury under section 53.045 of this code and in which the child is subject to a determinate sentence, *the general public may be excluded* from hearings under this title. The court *in its discretion* may admit such members of the general public as it deems proper.

TEX.FAM.CODE ANN. § 54.08 (Vernon Supp. 1993) (emphasis added). An abuse of discretion will be found only if it is clear the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane and Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987). In determining whether a trial court's action was arbitrary and unreasonable, appellate courts review the facts in the light most favorable to the action of the trial court. *Sims v. State*, 816 S.W.2d 502, 508 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

 Appellant argues it was arbitrary for the trial court to allow the press to be present but at the same time exclude the public. He argues the press along with the general public should have been excluded from the hearing. He contends the trial court by allowing the press to attend the hearing failed to protect him from publicity, which he asserts is the purpose of the statute. Appel-lant also claims the presence of the press at the hearing could have put pressure on the trial court to certify him as an adult.

 We conclude the record does not show the trial court's decision was arbitrary and unreasonable. But even assuming the trial court's decision was an abuse of discretion, we hold any error was harmless. Error will not support the reversal of the judgment unless it was reasonably calculated to cause or probably caused the rendition of an improper judgment. *See* Tex.R.App.P. 81(b)(1); *Kramek v. Stewart*, 648 S.W.2d 399, 401 (Tex.App.—San Antonio 1983, no writ). Harm to a juvenile from the failure to close discretionary transfer proceedings would result only if the juvenile court retained jurisdiction. The juvenile then could be harmed by the spread of information about the alleged criminal or delinquent acts, which would not otherwise be known if adult criminal proceedings did not ensue. In this case, however, the juvenile court waived jurisdiction and transferred the case to the district court. Therefore, appellant was not harmed. Moreover, we reject appellant's argument that the trial court could have been influenced by the presence of the press. This argument is based on naked conjecture. There is nothing in the record before us to suggest the trial judge was influenced by outside pressure or was not fair and impartial. Because we conclude there was no abuse of discretion and, further, that any possible error was harmless, we overrule appellant's third point of error.

In his fourth point of error, appellant contends the trial court's order of transfer is defective because the trial court failed to find probable cause to believe appellant committed each of the three offenses alleged. The State filed an Original Petition For Discretionary Transfer to Adult Criminal Court wherein it set forth three counts of offenses allegedly committed by appellant. Each of the State's counts was separate and distinct. After the close of evidence and argument on the State's petition, the trial judge signed an order waiving jurisdiction. The order recites in relevant part:

After conducting such full investigation, including evidence and argument of coun-

sel, this Court finds that the welfare of the community requires criminal proceedings, that there is probable cause to believe that the child committed the *offense* of capital murder, attempted capital murder, *or* solicitation of capital murder as alleged in the State's Original Petition for Discretionary Transfer to Adult Criminal Court, and that this Court waive its exclusive, original jurisdiction. . . .

(Emphasis added.) The order as initially drafted stated probable cause was found for "capital murder, attempted capital murder, *and* solicitation of capital murder. . . ." (Emphasis added.) The trial court, however, struck through the word "and" and replaced it with the word "or." The court further found the alleged offenses had "prosecutive merit." Appellant contends the trial court must find there is probable cause to believe appellant committed *each* of the offenses alleged before the trial court may waive its jurisdiction over him. *See* TEX.FAM.CODE ANN. § 54.02(a)(3) (Vernon Supp.1993).

■ The purpose of a hearing conducted pursuant to section 54.02 is not to determine guilt or innocence but to determine whether the juvenile's and society's best interest is served by maintaining juvenile custody of the child or by transferring him to a criminal district court. *Moore v. State,* 713 S.W.2d 766, 770 (Tex.App.—Houston [14th Dist.] 1986, no writ). A juvenile court may exercise its discretion to transfer only after making a finding "that there is probable cause to believe [the juvenile] . . . committed the offense alleged." TEX.FAM.CODE ANN. § 54.02(a)(3) (Vernon Supp.1993). By virtue of section 54.02(a)(3), a complete absence of a finding of probable cause renders an order of transfer void. *See In re R.P. v. State,* 759 S.W.2d 181, 182 (Tex.App.—San Antonio 1988, no writ).

Furthermore, when there are multiple offenses alleged such as here, the juvenile court may not decide to waive its jurisdiction for only one offense and retain jurisdiction over the others. *Richardson v. State,* 770 S.W.2d 797, 799 (Tex.Crim.App.1989). The

juvenile court must decide either to waive or retain jurisdiction as to all offenses. *Id.* at 799. It is obvious also that the juvenile court must make its decision without knowing whether a grand jury will indict the juvenile as an adult for any or all of the multiple offenses. *See Tatum v. State,* 534 S.W.2d 678, 680 (Tex.Crim.App.1976).

■ The order signed by the juvenile court in this case clearly indicates the court waived its jurisdiction completely. The order also clearly indicates the juvenile court found probable cause to believe that appellant committed at least one of the offenses alleged by the State. Section 54.02(a)(3) on its face does not require a separate finding of probable cause for every offense that may be alleged in a multiple offense case. *See* TEX. FAM.CODE ANN. § 54.02(a)(3) (Vernon Supp. 1993). This section, in contrast to other provisions in the Family Code relating to a juvenile court's waiver of jurisdiction, has no mandatory language in this regard. *See R.K.M. v. State,* 520 S.W.2d 878, 880 (Tex. Civ.App.—San Antonio 1975, no writ). Moreover, we perceive no procedural or substantive reason for such a requirement in the absence of a statutory directive.[2] Therefore, we hold a single finding of probable cause in a case involving alleged multiple offenses satisfies the stated purpose of the statute and supports a juvenile court's discretionary decision to waive completely its jurisdiction over a juvenile. Because such a finding was made by the juvenile court in this case, we overrule appellant's fourth point of error.

In his fifth point of error, appellant contends the trial court erred because the evidence was insufficient for the trial court to find probable cause that appellant committed the capital murder of Rosalyn Caldwell. Appellant contends there was no evidence the murder was committed "in the course of committing and attempting to commit the offense of burglary" as alleged in the petition. We disagree.

■ The trial court's findings of fact are reviewable for legal and factual sufficien-

---

**2.** We are aware the legislature is free to grant to citizens greater rights than those accorded by the United States Constitution.

cy[3] of the evidence to support them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). In considering a "no evidence" point of error, we look only to the evidence favorable to the judgment to determine whether there is any evidence to support the finding. In reviewing an "insufficiency point," we consider and weigh all of the evidence in the case, and, if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, we set aside the judgment and remand for a new trial. *See Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.App.—Dallas 1981, writ ref'd n.r.e.). Although a trial court's conclusions of law may not be challenged for factual sufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ A person commits capital murder if he intentionally causes the death of an individual while in the course of committing burglary. *See* TEX.PENAL CODE ANN. § 19.-03(a)(2) (Vernon 1989). A person commits burglary of a habitation if he intentionally or knowingly without the effective consent of the owner enters a habitation with intent to commit *a felony* or theft or enters a habitation and commits or attempts to commit *a felony* or theft. *See* TEX.PENAL CODE ANN. § 30.02(a) (Vernon 1989). The State's burden in a discretionary transfer hearing is not to establish guilt but to present sufficient evidence to allow the juvenile court to exercise its power of discretionary transfer. *In re Honsaker*, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ The probable cause determination in a discretionary transfer hearing and in an examining trial are comparable. The purpose of an examining trial is to determine from evidence adduced whether there is probable cause to believe an accused committed an offense. *Wooldridge v. State*, 653 S.W.2d 811, 813 (Tex.Crim.App.1983). Probable cause is defined as sufficient facts and circumstances to warrant a prudent man to believe the suspect committed or was committing an offense. *In re D.W.L.*, 828 S.W.2d 520, 524 (Tex.App.—Houston [14th Dist.] 1992, no writ). Probable cause for an arrest applies the same standard. *Id.* The probable cause standard of proof embraces a practical, common sense approach rather than the more technical standards applied in the burdens of proof of either beyond a reasonable doubt or a preponderance of the evidence. *Mayfield v. State*, 800 S.W.2d 932, 934 (Tex.App.—San Antonio 1990, no pet.); *see also Hennessy v. State*, 660 S.W.2d 87, 89 (Tex.Crim.App. [Panel Op.] 1983).

■ The record shows on March 6, 1992, Rosalyn Caldwell was fatally shot while in her bed at her residence in Frisco, Texas. Her husband, Vernon Caldwell, was also shot and seriously wounded. The Caldwells were discovered by their daughter, Krissi Caldwell. Krissi was identified as a suspect. Abram Flores, a friend of appellant's, testified appellant said he wanted to kill the Caldwells because they did not want him to date Krissi. Flores said appellant admitted shooting the Caldwells.

At the hearing, three men testified appellant asked them to help him shoot the Caldwells. Two of the three men testified appellant took them to a country road to shoot a handgun. Two cartridges were found at that location with extractor marks matching the shell casings found at the crime scene.

Appellant emphasizes there also was no evidence of forced entry into the home and that no property was stolen from within the house. However, Krissi Caldwell testified appellant was not welcome at the Caldwell home. She testified she did not give appellant permission to be in the Caldwell home

---

**3.** We note appellant did not file a motion for new trial in this case. The Rules of Civil Procedure provide that in order to preserve a factual insufficiency point of error, a motion for new trial complaining of the insufficiency must be filed. TEX.R.CIV.P. 324(b). To the extent he complains of factual insufficiency, appellant has not preserved this point of error for review. However, in the interest of justice we will consider appellant's contentions. *In re S.D.W.*, 811 S.W.2d 739, 749 (Tex.App.—Houston [1st Dist.] 1991, no writ).

the evening of the shooting or let him in the house. There was no evidence the Caldwells consented to appellant's entry into their home.

We hold a prudent person could believe appellant entered the Caldwell home without their consent with the intent to kill Vernon Caldwell and that he did attempt to kill Vernon Caldwell, which attempt if proven would be a felony offense. *See* Tex.Penal Code Ann. § 19.01 (Vernon 1989); Tex.Penal Code Ann. § 15.01 (Vernon Supp.1993). We hold further that a prudent person could believe that while carrying out his intent to attempt to kill Vernon Caldwell, appellant also intentionally killed Rosalyn Caldwell. We hold there was sufficient evidence to support a finding of probable cause that appellant committed the offense of capital murder of Rosalyn Caldwell. *Cf. In re A.T.S. v. State*, 694 S.W.2d 252, 253 (Tex.App.—Fort Worth 1985, writ dism'd). We overrule appellant's fifth point of error.

The judgment of the trial court is affirmed.