TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00682-CV






In the Matter of M. A.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-18,127, HONORABLE W. JEANNE MEURER JUDGE PRESIDING







 Appellant M.A. waived his right to a jury trial and pleaded not true to the charge
of robbery. See Tex. Penal Code Ann. § 29.02 (West 1994). The juvenile court adjudged that
M.A. had engaged in delinquent conduct by committing the charged offense and placed him on
probation for one year. In two issues for review, M.A. contends that the evidence is factually
insufficient to prove that he committed the robbery and that the trial court lacked jurisdiction
because the summons was defective. (1) We will affirm the trial court's judgment.


BACKGROUND

 On February 16, 1998, the complainant, J.M., was riding his bicycle when he was
approached by M.A., then age thirteen, and two other juveniles. According to J.M., M.A.
grabbed the handlebars of the bicycle and pushed to the left, causing J.M. to fall. J.M. locked
his legs around the frame of the bicycle but was unable to retain hold of it. M.A. and one of the
other boys rode the bicycle down the street with the third boy running behind them. J.M. chased
the boys down the street but could not catch them. He then went to his home where he informed
his mother what had happened. His mother drove J.M. around the neighborhood to see if they
could find the boys. Unsuccessful, they returned home, called the police, and reported the
incident.

 On or about February 19, 1998, the police stopped M.A. while he was riding the
bicycle. J.M. was called to the scene where he identified his bicycle and M.A. as one of the boys
who had stolen it. The police took M.A. into custody.


DISCUSSION

Lack of jurisdiction

 In his second issue, M.A. contends that the trial court lacked jurisdiction because
there is no affirmative showing in the record that a copy of the petition accompanied the
summons. Section 53.06 of the Texas Family Code governs service of process in juvenile
proceedings. See Tex. Fam. Code Ann. § 53.06 (West 1996).

 Section 53.06 provides in relevant part:


(a) The juvenile court shall direct issuance of a summons to:


 (1) the child named in the petition;


 . . .


(b) . . . A copy of the petition must accompany the summons.



Id. 

 If the petition were not attached to the summons, service would be improper, and
the trial court would lack jurisdiction. See In re Edwards, 644 S.W.2d 815, 820 (Tex.
App.--Corpus Christi 1982, writ ref'd n.r.e.). However, the law presumes that service is proper. 
See Sauve v. State, 638 S.W.2d 608, 610 (Tex. App.--Dallas 1982, pet. ref'd). To rebut this
presumption, an accused must offer evidence of corroborating facts and circumstances. See id. 
Bald claims of irregularity are not enough. See id; see also Polanco v. State, 914 S.W.2d 269,
271 (Tex. App.--Beaumont 1996, pet. ref'd).

 M.A. offers nothing more than his conclusory statement in an attempt to rebut the
presumption of proper service. Nothing indicates that the petition was not delivered along with
the summons. In fact, the summons states that a copy of the petition is attached, and M.A. has
the burden to show that the petition was not in fact attached to the summons he received. M.A.'s
only evidence is that a copy of the petition was not filed with the return. However, section 53.06
of the Family Code requires that the petition be attached to the summons, not to the return. See
Tex. Fam. Code Ann. § 53.06(b). When a statute is clear and unambiguous, as is the case here,
it is not for the courts to add or subtract from such a statute because the Legislature must be
understood to mean what it has expressed. See State v. Baize, 981 S.W.2d 204, 207 (Tex. Crim.
App. 1998) (citing Coit v. State, 808 S.W.2d 473, 475 (Tex. Cr. App.1991)). Because M.A. has
not demonstrated a defect in the summons or its service, we overrule his second point of error.

Factual insufficiency

 In his first issue, M.A. argues that the evidence is factually insufficient to support
the trial court's adjudication. Because he does not raise a legal sufficiency challenge, M.A. in
effect concedes the evidence is legally sufficient to prove that he committed the offense. See Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed).

 When conducting a factual sufficiency review, we consider all evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). This Court, however,
does not substitute its judgment for that of the trial court and will set aside an adjudication only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, an appellate
court may not reverse the trial court's decision simply because it disagrees with the result. See
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

 By his factual sufficiency complaint, M.A. in effect attacks J.M.'s credibility. 
M.A. argues that the only evidence to support the adjudication is J.M.'s testimony and that J.M.'s
"tender age" and the "shocking nature" of the theft of his bicycle render his testimony unreliable. 
At the time of trial, approximately six months after the offense, J.M. was thirteen years of age.
M.A. further asserts that J.M.'s testimony was not credible because, among other things, J.M.
did not tell school officials that one of his schoolmates had stolen his bicycle.

 The trial court decides whether a child is competent to testify and whether his
testimony is reliable. See Kipp v. State, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994); see also
Tex. R. Evid. 601(a)(2). A victim's testimony, if believed, is sufficient evidence to support
identification of the accused as the offender. See Green v. State, 510 S.W.2d 919, 922 (Tex.
Crim. App. 1974). In a bench trial, the trial court as fact finder is the sole judge of a witness's
credibility and the weight to be given the testimony. See Benoit v. Wilson, 239 S.W.2d 792, 797
(Tex. 1951); K-Mart Corp. v. Pearson ex. rel. Ramos, 818 S.W.2d 410, 413 (Tex. App.--Houston
[1st Dist.] 1991, no writ). The juvenile court expressly stated that J.M. was a "very credible
witness," that he believed J.M., and that he did not believe M.A. or his mother, who testified on
M.A.'s behalf. (2)

 In addition to J.M.'s testimony, the adjudication is supported by other evidence that M.A.
took the bicycle. During the district attorney's cross-examination, M.A. admitted to taking J.M.'s
bicycle, as reflected in the following excerpt:


Q. Did you tell [the police] that you didn't take the bike?


A. Yes, sir.


Q. Okay. And in terms of this bike, isn't it really true that you and your friends
took this bike from [J.M.]?


A. I suppose so.


Q. Yes. That's true; right?


A. (Nods head affirmatively.)



Further, M.A. was found riding J.M.'s bicycle only a few days after it was stolen.

 Taking into account all evidence equally, we hold that the evidence is factually
sufficient to prove M.A. committed the offense; the adjudication is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule M.A.'s first
complaint.

 Having overruled both of M.A.'s issues, we affirm the judgment of the trial court. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 28, 1999

Do Not Publish

1.   M.A.'s appointed trial lawyer filed a brief complaining of factually insufficient evidence. 
He subsequently filed a motion with the district court to withdraw as counsel. The district court
granted the motion and appointed a second attorney to represent M.A. in his appeal. The second
attorney filed a brief alleging that the district court did not have jurisdiction to hear the cause
because the summons was defective. In the interest of justice, we will consider both points of
error.
2.   The court cited a specific discrepancy that led him to disbelieve M.A.'s testimony. J.M.'s
bicycle was stolen on Monday, February 16, 1998. J.M. testified that he identified M.A. three
days later; this would mean M.A. was detained on either February 19 or 20, depending on
whether February 16 was included in the three days. M.A. testified that he borrowed the bicycle
on February 21 from the cousin of a friend and that he specifically remembered the date because
it was a Saturday afternoon. The court indicated that the factual impossibility of M.A.'s alibi led
him to disbelieve it.


l, approximately six months after the offense, J.M. was thirteen years of age.
M.A. further asserts that J.M.'s testimony was not credible because, among other things, J.M.
did not tell school officials that one of his schoolmates had stolen his bicycle.

 The trial court decides whether a child is competent to testify and whether his
testimony is reliable. See Kipp v. State, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994); see also
Tex. R. Evid. 601(a)(2). A victim's testimony, if believed, is sufficient evidence to support
identification of the accused as the offender. See Green v. State, 510 S.W.2d 919, 922 (Tex.
Crim. App. 1974). In a bench trial, the trial court as fact finder is the sole judge of a witness's
credibility and the weight to be given the testimony. See Benoit v. Wilson, 239 S.W.2d 792, 797
(Tex. 1951); K-Mart Corp. v. Pearson ex. rel. Ramos, 818 S.W.2d 410, 413 (Tex. App.--Houston
[1st Dist.] 1991, no writ). The juvenile court expressly stated that J.M. was a "very credible
witness," that he believed J.M., and that he did not believe M.A. or his mother, who testified on
M.A.'s behalf. (2)

 In addition to J.M.'s testimony, the adjudication is supported by other evidence that M.A.
took the bicycle. During the district attorney's cross-examination, M.A. admitted to taking J.M.'s
bicycle, as reflected in the following excerpt:


Q. Did you tell [the police] that you didn't take the bike?


A. Yes, sir.


Q. Okay. And in terms of this bike, isn't it really true that you and your friends
took this bike from [J.M.]?


A. I suppose so.


Q. Yes. That's true; right?