**Reversed and Remanded and Opinion filed October 15, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00478-CV

---

## IN THE MATTER OF J.M.

---

### On Appeal from the 314th District Court
### Harris County, Texas
### Trial Court Cause No. 2023-02447J

---

## OPINION

In this juvenile certification appeal, J.M. appeals from the juvenile court's order waiving jurisdiction and transferring him to the criminal district court. He contends, among other things, that the juvenile court failed to obtain jurisdiction over him because the record does not affirmatively show service of the summons and petition. Agreeing with J.M., we reverse the trial court's order and remand for further proceedings.

# I. LEGAL PRINCIPLES

When the State petitions for the transfer of a juvenile to criminal court, the juvenile court must direct issuance of a summons to the juvenile. *See* Tex. Fam. Code § 53.06(a); *see also* Tex. Fam. Code § 54.02. A copy of the petition must accompany the summons and be served on the juvenile. *See id.* § 53.06(b); *see also In re E.Y.*, No. 14-16-00475-CV, 2016 WL 7108407, at *1 (Tex. App.— Houston [14th Dist.] Dec. 6, 2016, no pet.) (mem. op.) ("A trial court lacks jurisdiction over a juvenile when the record lacks an affirmative showing that a petition was served."); *In re M.D.R.*, 113 S.W.3d 552, 553–54 (Tex. App.— Texarkana 2003, no pet.) (reversing because the juvenile was not served with a copy of the petition).

The juvenile may not waive service of summons by written stipulation or voluntary appearance at the hearing. *See* Tex. Fam. Code § 53.06; *see also Grayless v. State*, 567 S.W.2d 216, 219–20 (Tex. Crim. App. [Panel Op.] 1978) ("Therefore, the appearance of appellant at the certification hearing and his failure to object to the lack of a proper summons did not constitute a waiver of the service of summons."). This statute "reflects the common law rule that a minor is without legal capacity under the law to waive service of summons, nor can anyone waive it for him." *In re D.W.M.*, 562 S.W.2d 851, 853 (Tex. 1979) (per curiam) (citations omitted).

Service of the summons on the juvenile is required for the juvenile court to obtain jurisdiction to transfer the juvenile to criminal court. *See In re D.W.M.*, 562 S.W.2d at 853; *In re W.L.C.*, 562 S.W.2d 454, 455 (Tex. 1978) (per curiam). The record must contain "an affirmative showing of service of summons." *In re W.L.C.*, 562 S.W.2d at 455; *see also In re E.Y.*, 2016 WL 7108407, at *1 (requiring "an affirmative showing that a petition was served").

## II.  BACKGROUND

At the certification hearing, the court admitted into evidence the State's exhibits that included the summons and constable's return for J.M. and two of his family members.  The summons refers to the existence of an accompanying petition:

> . . . wherein the said petitioner alleges to the following facts, to wit: all as fully set out in the accompanying true copy of the petition and motion to waive jurisdiction . . . .

The summons directs the officer to serve the petition on J.M.'s parent or guardian, but not on J.M. himself:

> To the officer serving this citation:
>
> A true copy of this writ, together with a true copy of the petition, and motion to waive jurisdiction, you will deliver to said parent, guardian or other person having custody of the said respondent.

The return for J.M. indicates that the juvenile court issued "a <u>JUVENILE SUBPOENA</u> and attached __."  The return indicates that the officer personally served J.M. with "a true copy of this <u>JUVENILE SUBPOENA</u> together with the accompanying copy of the __."[1]

The trial court's order waiving jurisdiction states that J.M. "received service by citation."

## III.  ANALYSIS

In his first issue, J.M. contends that the juvenile court did not acquire jurisdiction to transfer him to criminal court because the record does not affirmatively show service of a summons and petition, but rather the service of a

---

[1] The returns for the two other family members substitute the word "<u>PETITION</u>" instead of "__."

"subpoena with nothing attached." The State contends that the record affirmatively shows service of a summons and accompanying petition because the document served on J.M. "constituted a valid summons," and J.M. "failed to rebut the presumption of regularity of service, by which the officer's service return indicates that appellant was served with a copy of the petition, in addition to the summons."

The State cites several cases[2] for the proposition that "a valid officer's return creates a presumption of regularity of service, indicating that a copy of the petition was actually served upon the respondent, at which point the burden shifts to the respondent to show inadequacy of service." This presumption of "regularity of service" appears to have been introduced in *Suave v. State*, 638 S.W.2d 608 (Tex. App.—Dallas 1982, pet. ref'd): "Ordinarily, an officer's return which is valid on its face carries a presumption of the truth of the facts stated on the return and of regularity." *Id.* at 610. This presumption, however, does not mean that omissions or defects in service are disregarded merely because a return is filed. Rather, this presumption reiterates the long-standing principles that (1) a return of service is "prima facie evidence of the facts therein cited" and (2) the "presumption of accuracy of a return of service may not be impeached by the uncorroborated testimony of the person against whom service of process is presumed." *Martin v. Ventura*, 493 S.W.2d 336, 338–39 (Tex. App.—Tyler 1973, no writ) (cited in *Suave*, 638 S.W.2d at 610).

Here, J.M. does not dispute the accuracy of what the return states. The return states that J.M. was served with a "juvenile subpoena," and the spaces to list

---

[2] *See In re J.I.A.*, No. 01-12-00791-CV, 2013 WL 6670849, at *2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2013, no pet.) (mem. op.); *Polanco v. State*, 914 S.W.2d 269, 271 (Tex. App.—Beaumont 1996, pet. ref'd); *Suave v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd).

4

any attached or accompanying documents were left blank. The return does not state that J.M. was served with a copy of the petition, nor does the summons itself direct the officer to serve J.M. with a copy of the petition.[3] Under these circumstances, proper service does not affirmatively appear in the record. *See Furst v. Smith*, 176 S.W.3d 864, 871–72 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that service was defective and defeated personal jurisdiction for a default judgment when the return did not state that a copy of the petition had been served);[4] *In re M.D.R.*, 113 S.W.3d 552, 553–54 (Tex. App.—Texarkana 2003, no pet.) (reversing for lack of jurisdiction in a juvenile delinquency case because, although the record showed service of a summons, the record did not show service of the petition).

The cases relied upon by the State have distinguishing facts. For example, in *In re J.I.A.*, the court of appeals did not state in its opinion what the return recited regarding what was served. *See In re J.I.A.*, No. 01-12-00791-CV, 2013 WL 6670849, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2013, no pet.) (mem. op.). The court noted that the summons "commanded the officer serving the citation to deliver to appellant '[a] true copy of this writ, together with a true copy of the petition.'" *Id.* at *2. Importantly, the juvenile stipulated to the evidence and executed a judicial confession that he had been "served with a

---

[3] We disagree with the State's assertion in its brief that the summons "commanded the officer serving the citation to Appellant to deliver to Appellant '[a] true copy of this writ, together with a true copy of the petition[] and motion to waive jurisdiction.'" (alteration in original). The summons directs the officer to deliver copies of the petition and motion only to "said parent, guardian or other person having custody of the said respondent."

[4] *See generally Ex parte Rodriguez*, 466 S.W.3d 846, 851 (Tex. Crim. App. 2015) (noting the Supreme Court of Texas's "similar approach" in direct-attack default-judgment cases and juvenile-transfer cases because both types of cases require an affirmative showing of service in the record).

summons and petition in this case." *Id.* at *3. Thus, the record affirmatively showed that the juvenile was served with a summons and petition. *Id.*

In *Polanco*, the return stated that "a true copy of this Citation" was delivered to the juvenile. *Polanco v. State*, 914 S.W.2d 269, 270–71 (Tex. App.—Beaumont 1996, pet. ref'd). The summons itself stated: "TO THE OFFICER SERVING THIS CITATION: A true copy of this summons, together with a certified copy of the Original Petition. You will deliver to the said CRUZ POLANCO III . . . ." *Id.* at 270 (omission in original). The court, without acknowledging that service of the petition must affirmatively appear in the record, reasoned: "Since case law defines citation as both the summons plus a copy of the petition, and since the return states the 'citation' was delivered, a presumption of regularity arose which Polanco failed to rebut." *Id.* at 271.

In *C.Z.S.*, No. 09-14-00480-CV, 2015 WL 3407250 (Tex. App.—Beaumont May 28, 2015, pet. denied) (mem. op.), the court of appeals did not state in its opinion what the return recited regarding what was served, but the court noted that the juvenile was "served with a summons" and the summons stated that a copy of the petition was attached. *Id.* at *1. Furthermore, the juvenile "acknowledged having received a copy of the petition." *Id.*

Here, the record contains no stipulation or other statement in which J.M. acknowledges service of the summons or petition, unlike in *J.I.A.* and *C.Z.S.* The summons does not direct the officer to serve J.M. with a copy of the petition, unlike in *J.I.A.* and *Polanco*. The return recites that J.M. was served with a "juvenile subpoena," and the return does not recite that J.M. was served with a petition, summons, or citation. Although it might be inferred, as the Beaumont Court did in *Polanco* and *C.Z.S.*, that an officer's return reciting the service of a "citation" or "summons"—which itself refers to an accompanying petition and

6

directs the officer to serve the juvenile with the petition—would also include service of the petition, we decline to indulge the same inference when the return refers to the service of a "subpoena" alone. *Compare Subpoena*, Black's Law Dictionary (12th ed. 2024) ("A writ or order commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply."), *with Summons*, Black's Law Dictionary (12th ed. 2024) ("A writ or process ***commencing the plaintiff's action*** and requiring the defendant to appear ***and answer***." (emphasis added)).

"The return of service is not a trivial, formulaic document." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). It is prima facie evidence of the facts recited therein. *Id.* "The weight given to the return is no less when the recitations impeach the judgment than when they support it." *Id.*

It was the State's responsibility to see that service was properly accomplished. *Id.* at 153. "This responsibility extends to seeing that service is properly reflected in the record." *Id.*

To the extent the State contends that the recitation in the judgment satisfies its responsibility, we reject that contention. The State cites no case holding that a recitation in the judgment satisfies the requirement that service must "affirmatively appear" in the record. *See Allen v. State*, 657 S.W.2d 815, 817 (Tex. App.—Houston [1st Dist.] 1982, pet. dism'd) ("It is true that there is no affirmative showing in the record that the juvenile was not served, but we are of the opinion that we may not presume that all proceedings were regular, including service on the juvenile, because of the holdings of our Supreme Court in *In the Matter of W.L.C.*, supra."); *cf. Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 133 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (in appeal from no-

7

answer default judgment, "there must be an affirmative showing of due service of process, independent of the recitations in the default judgment").

In sum, the record does not affirmatively reflect service on J.M. with the summons and petition.  Thus, the juvenile court lacked jurisdiction to transfer J.M. to criminal court.  *See Ex parte Rodriguez*, 466 S.W.3d at 850, *In re D.W.M.*, 562 S.W.2d at 853; *In re W.L.C.*, 562 S.W.2d at 455.

## IV. CONCLUSION

J.M.'s first issue is sustained.  The juvenile court's order to waive jurisdiction, signed June 17, 2024, is reversed.  The case is remanded to the juvenile court for further proceedings.


/s/    Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.