535 S.W.2d 21 (1976)
D. A. W., Appellant,
v.
The STATE of Texas, Appellee.
No. 1317.
Court of Civil Appeals of Texas, Houston (14th Dist.).
March 10, 1976.
Rehearing Denied April 7, 1976.
*22 Robert A. Heath, Houston, for appellant.
Carol S. Vance, Dist. Atty., Chris A. Lorenzen, Max Carlson, Asst. Dist. Attys., Houston, Harris County, for appellee.
J. CURTISS BROWN, Chief Justice.
This is an appeal from an order of a juvenile court waiving its exclusive original jurisdiction and transferring a child to a district court for criminal proceedings.
In January 1975, four petitions were filed by the State of Texas (State or appellee) citing D.A.W. (appellant), a minor, for alleged acts of delinquent conduct. These petitions sought an adjudication of delinquency. Over the course of the next few months, the case was reset numerous times and citations were served on D.A.W. and his grandmother on several occasions. On June 26 new petitions were filed in two of the four docket numbers. These petitions were identical to those previously filed, except that in the prayer the State asked the court to consider discretionary transfer to criminal district court, as provided for in Tex. Family Code Ann. § 54.02 (1974). New citations were served on the grandmother in both of these cases, and on D.A.W. in one. Neither these last citations nor any of the others that had been served on D.A.W. and his grandmother advised them that the hearing to which they were summoned was for the purpose of considering discretionary transfer to criminal court. On August 6, 1975, a hearing was held, and on the same date an order was signed by the juvenile court judge waiving jurisdiction and transferring D.A.W. to criminal district court. D.A.W. has appealed from that order.
Section 54.02(b) of the Family Code provides:
(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.
The courts have required strict compliance with these provisions. See In re T.T.W., 532 S.W.2d 418 (Tex.Civ.App.Texarkana, 1976, no writ); In re M.W., 523 S.W.2d 513 (Tex.Civ.App.El Paso 1975, no writ); In re K.W.S., 521 S.W.2d 890 (Tex.Civ.App. Beaumont 1975, no writ); R.K.M. v. State, 520 S.W.2d 878 (Tex.Civ.App.San Antonio 1975, no writ); cf. In re D.L.C., 533 S.W.2d 157 (Tex.Civ.App.Austin, 1976, no writ). Specifically, it has been held that a summons which does not state that the hearing is for the purpose of considering discretionary transfer to criminal court is fatally defective. See In re K.W.S., supra; R.K.M. v. State, supra.
Conceding that the language relating to discretionary transfer to criminal court should have appeared on the citation, appellee nonetheless argues that appellant waived this defect by appearing voluntarily at the hearing and by indicating at the hearing that he was aware of the nature of the proceedings. Although § 53.06(e) prohibits the child's waiving of service of summons (see In re M.W., supra), there is apparently nothing to prevent a child from waiving a defect in the summons. Waiver of rights granted to a child is covered by § 51.09:
§ 51.09. Waiver of Rights
Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
(1) the waiver is made by the the child and the attorney for the child;
(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
(3) the waiver is voluntary; and
(4) the waiver is made in writing or in court proceedings that are recorded.
In the instant case the only circumstance that could possibly be construed as an attempt to elicit a waiver is the following conversation:
THE COURT: Are you D.A.W.?
D.A.W.: Yes sir.
THE COURT: Is that your name?

*23 D.A.W.: Yes, sir.
THE COURT: D., do you understand the allegations that have been made against you?
D.A.W.: Yes, sir.
THE COURT: Do you understand the nature and the possible consequences of this proceeding?
D.A.W.: Yes, sir.
THE COURT: And do you understand that you need not testify against yourself in this case; you need not testify unless you wish to do so of your own free will and accord? Do you understand that?
D.A.W.: Yes, sir.
THE COURT: Do you also understand that your attorney will require that witnesses take the stand and be confronted by the attorneys in this case and will have the right to cross examine them? Do you understand that?
D.A.W.: Yes, sir.
THE COURT: All right. Let's proceed.
The above dialogue does not reflect that the appellant actually understood the nature and possible consequences of the proceeding, or that the waiver was voluntary, or even that the appellant was aware that he had a right that could be waived. Clearly § 51.09 contemplates an affirmative waiver by the child, not merely participation inor lack of a proper objection tothe proceedings. See In re K.W.S., supra. No such waiver appears from this record.
Appellant's contention that he cannot be retried because jeopardy has attached is without merit. The case of Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), upon which appellant principally relies for this contention, requires that transfer hearings be held prior to adjudicatory hearings. This was done in the instant case, and the transfer hearing that was held could have resulted neither in an adjudication that appellant had violated a criminal law nor in a substantial deprivation of liberty. Therefore, jeopardy has not attached.
The order of the juvenile court waiving jurisdiction is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.