In the Matter of D_____ W_____ M_____.

No. 5752.

Court of Civil Appeals of Texas, Waco.

Sept. 22, 1977.

Rehearing Denied Oct. 13, 1977.

Jerry Secrest, Daniel, Tarver & Secrest, Temple, for appellant.

Don S. Caldwell, Jr., County Atty., L. L. Geren (on appeal only), Bradley & Geren, Groesbeck, for appellee.

OPINION

JAMES, Justice.

This is a juvenile case. D_____ W_____ M_____, a juvenile, appeals from an order of the Juvenile Court of Limestone County, Texas, which waived the exclusive original jurisdiction of said court, and transferred the juvenile to the 77th Judicial District Court of Limestone County for criminal proceedings under the provisions of Article 54.02, Vernon's Texas Civil Statutes, Texas Family Code. We affirm.

■ Appellant's first point of error asserts that the Juvenile Court did not acquire jurisdiction to consider discretionary transfer because of the failure of the State to issue and serve summons on the juvenile. We overrule this point of error, and hold that the juvenile waived the requirement that a summons be served on him. The juvenile was past sixteen years of age at the time of the commission of the alleged offense, to wit, murder, and at the time of the hearing in question. The diagnostic study and social evaluation ordered by the juvenile court showed that Appellant was above the average in intelligence and had been a good student in high school prior to the time he dropped out of the ninth grade of school on August 18, 1976.

At the time of the hearing in question the juvenile, his attorney, and both of his parents were present. At the commencement of the proceedings, Appellant's counsel announced ready, and no objection was made by the Appellant, his counsel, or his parents relative to the fact that no summons had been served upon Appellant.

Significantly, the order of the juvenile court made specific fact findings which include the following:

"The Court specifically finds that the said D_____ W_____ M_____ is of sufficient sophistication and maturity to have intelligently, knowingly, and voluntarily waived all constitutional and statutory rights heretofore waived by the said D_____ W_____ M_____, and to have aided in the preparation of his defense;—."

Thereafter in said order, the juvenile court further found:

"That the social evaluation and psychiatric study indicate D_____ W_____ M_____ is mature and sophisticated enough to aid in his defense and to be treated as an adult;—."

The above findings of the trial court are not challenged by the Appellant. Under this state of the record, we are of the opinion and hold that Appellant waived the statutory requirement that a summons be served upon him concerning the hearing in question. Moreover, this record does not affirmatively show that the juvenile was not served with summons for this hearing in question.

Appellant's second point of error contends that the juvenile court erred in ordering the juvenile tried as an adult without having before him a report of the circumstances of the alleged offense as required by Section 54.02(d) of the Texas Family Code.

Section 54.02(d) provides:

"Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense."

The original petition filed by the State charged the Appellant with the offense of murder of one Chester Brooks on or about January 17, 1977, in Limestone County, Texas, by striking him with a blunt object, while in the course of committing the offense of burglary.

On February 21, 1977, the juvenile court ordered "a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense and that said report be filed in the papers of this case."

Pursuant thereto, a detailed and comprehensive social history was prepared and filed by one Gary W. Koester, the Juvenile Probation Officer. Additionally, a psychiatric evaluation report was filed by Dr. S. Bergen Morrison, M.D., a psychiatrist, and another report by Dr. Norman E. Wilson, Ph.D., a counselling psychologist. At the hearing, the written confession of James Edward Thomas, one of the other parties to the alleged offense, was introduced in evidence, which set out in detail the circumstances of the killing of Chester Brooks and the burglarizing of Brooks' store, which written confession definitely ties Appellant to the alleged offense. In substance, the written statement recites that Appellant and the said Thomas and two others planned this offense about two o'clock P.M. on January 17, 1977, in Bell County, and

then the four men met again about nine o'clock that night at Belton, Texas, and drove some seventy miles to the home and store belonging to Chester Brooks in the Coit community in Limestone County; that the Appellant and Thomas and the two others there killed Chester Brooks and burglarized his store, taking therefrom some $280.00 in money and some other items. The court also heard testimony of a deputy sheriff, a rural mail carrier, a social worker, and a Justice of the Peace, concerning the alleged offense.

Under this record, we are of the opinion and hold that Section 54.02(d) has been complied with. Appellant's second point of error is therefore overruled.

Appellant further contends that there is no evidence in the record upon which a grand jury might be expected to return an indictment, saying that the only evidence which ties Appellant to the alleged murder is the written confession of James Edward Thomas, hereinabove referred to, which is hearsay. In other words, Appellant is saying that if you take Thomas's hearsay statement out of the record there is no evidence left in this record upon which a grand jury might be expected to return an indictment. See Section 54.02(f)(3), one of the matters which the juvenile court must consider in a hearing for waiver of jurisdiction and discretionary transfer to criminal court. We overrule this contention. Hearsay testimony is specifically authorized by Section 54.02(d), Texas Family Code, hereinabove quoted. See *In Matter of J——— R——— C———* (Texarkana, Tex.Civ.App. 1977) 551 S.W.2d 748, no writ. Moreover, a grand jury is not required to follow the rules of evidence in determining whether or not to return an indictment. We believe that there is ample evidence in this record upon which a grand jury may be expected to return an indictment.

Finally, Appellant asserts error in that the State failed to issue and serve summons on the parents of Appellant, as required by Section 54.02(b), Texas Family Code. We do not agree.

As stated, both parents were present at the hearing in question. No objection was made at the hearing concerning the fact that they had not been served with summons. Section 53.06(e), Texas Family Code, specifically provides "A party, other than the child, may waive service of summons . . . by voluntary appearance at the hearing."

All of Appellant's points and contentions have been carefully considered, and are respectfully overruled. Judgment of the trial court is affirmed.

AFFIRMED.

HALL, Justice, concurring.

I do not agree with the majority's holding that appellant waived service of summons.

V.T.C.A., Family Code §§ 51.09 and 53.06 provide as follows:

§ 51.09. Waiver of Rights.

Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title [Delinquent Children] or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded.

§ 53.06. Summons.

(a) The juvenile court shall direct issuance of a summons to:

(1) the child named in the petition [for transfer hearing];

(2) the child's parent, guardian, or custodian;

(3) the child's guardian ad litem; and

(4) any other person who appears to the court to be a proper or necessary party to the proceeding.

.    .    .    .    .

(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance.

Under these statutes a waiver of summons by the juvenile can only be made voluntarily, in the course of court proceedings that are recorded, with the joinder of his attorney, after both have been informed of and understand the right to the summons and the consequences of waiver.[1] These facts are not shown in the record before us. Appellant's appearance in court with his attorney and his parents did not satisfy these requirements.

Nevertheless, the record does not conclusively establish that appellant was not served with a summons as required by the Family Code. For this reason I concur in the affirmance. See, *In The Matter of W.L.C.* (Tex.Civ.App.—Waco 1977). No one testified appellant was not summonsed. The question was not raised on the trial. Until a contrary showing is made, the presumption prevails that all legal requisites were met. At most, the record shows only that a return was not made on the summons.

---

1. Necessarily, I disagree with holdings and suggestions that the juvenile cannot, *within the provisions of the Family Code,* waive service of summons. See, e. g., *D. A. W. v. State,* 535 S.W.2d 21 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); *In the Matter of M.W.,* 523 S.W.2d 513 (Tex.Civ.App.—El Paso 1975, no writ).