**Tommy Edward SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–00100–CR.**

Court of Appeals of Texas, Waco.

April 26, 2006.

Tommy Edward Sanders, Tennessee Colony, pro se.

Charles A. Rosenthal Jr., Harris County District Attorney, Houston, for Appellee/Respondent.

### DISSENTING OPINION

TOM GRAY, Chief Justice.

This is just another example of how the resources of this Court can be needlessly dissipated. The research done resulting in the Order, and the Order, are entirely unnecessary.

On January 30, 2006, we received an inquiry from Mr. Sanders as follows:

I need to know if there are any briefs either from the State or the Appellant's court appointed Appeals Attorney.

If these briefs are available, I need the cost of such briefs. So I may purchase these briefs.

Your help in these matters will be greatly appreciated. Thank you.

We erroneously responded that "No briefs were filed." Rather than explaining to the world in an order that verbal notice of appeal from a juvenile court did not perfect an appeal of the juvenile court's order and dismissing Sanders's motion for want of jurisdiction, we should profusely apologize to Mr. Sanders and as a courtesy, due to our error, provide to him copies of the briefs which were, in fact, filed in his appeal 25 years ago. Copies of those briefs and the original opinion of the Court are attached to this dissenting opinion as Appendix A (Appellant's Brief), Appendix B (State's Brief), and Appendix C (the opinion of this Court).

Mr. Sanders, you have my deepest apologies for the misinformation you received

from this Court and I hope that the attached Appendices provide you with the information you requested in your original inquiry. I further apologize for the confusion which may be created by the Court's order. Finally, I apologize for what appears to be an extensive amount of time you invested to prepare and file a brief on what you were told was a 25 year old appeal that had not had a brief filed on your behalf.

## APPENDIX A

### IN THE COURT OF CRIMINAL APPEALS

### STATE OF TEXAS

### AUSTIN, TEXAS

No. 10–81–100–CR

TOMMY EDWARD SANDERS

vs.

### STATE OF TEXAS

*APPELLANT'S APPELLATE BRIEF*

Appeal to the Court of Criminal Appeals from the 178th District Court of Harris County, Texas—Cause No. 303538.

Peter Sanchez–Navarro, Jr.
Attorney for Appellant
1316 W. Alabama
Houston, Texas 77006
713/522-4253

### INDEX

Page

Citations:

Cases—
Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d.346 (1975) . . . . . . . . . . (passim)

Constitution—
USCA Const. Amends 5, 14 . . . . . . . . . . (passim)

Statutes and Rules—
Texas Family Code, § 54.02 . . . . . . . . . . (passim)
Vernon's Anno. Penal Code, Art. 1408 . . (passim)

Question Presented . . . . . . . . . . . . . . . . . . . . . 1
Statement of the Case . . . . . . . . . . . . . . . . . . 1
Brief of the Argument . . . . . . . . . . . . . . . . . 3

## QUESTION PRESENTED

WAS APPELLANT PUT IN JEOPARDY AT JUVENILE COURT ADJUDICATORY HEARING, WHOSE OBJECT WAS TO DETERMINE WHETHER HE HAD COMMITTED ACTS THAT VIOLATED A CRIMINAL LAW AND WHOSE POTENTIAL CONSEQUENCES INCLUDED BOTH THE STIGMA INHERENT IN THAT DETERMINATION AND THE DEPRIVATION OF LIBERTY FOR MANY YEARS, AND PROSECUTION OF APPELLANT AS AN ADULT IN DISTRICT COURT AFTER APPELLANT HAD BEEN FOUND UNFIT FOR TREATMENT AS A JUVENILE?

## STATEMENT OF THE CASE

On the 4th day of October, 1979, the Appellant was tried by the 313th District Court of Harris County, Texas (sitting as a Juvenile Court) in Cause No. 35,223 and Styled "In The Matter of Tommy Edwards Sanders, A Child." The Trial was held upon a Motion filed by the State of Texas, acting through the District Attorney of Harris County, Texas charging the Appellant with delinquent conduct, namely—"aggravated Robbery" The Motion to Waive Jurisdiction was granted by the Court upon the presentation of evidence by the State and after the testimony of all witness, which were subjected to direct and cross-examination. The entire proceeding was transacted pursuant to § 54.02, Title III of the Family Code, Vernon Annotated Civil Statutes, as Amended, and the court which presided in these proceedings waived its jurisdiction and transferred such jurisdiction to the "Criminal District Court of Harris County, Texas" for crimi-

nal proceedings in accordance with the Code of Criminal Procedure.

In due course the case fell to the 178th District Court and the Appellant was indicted for "Aggravated Robbery," the indictment reading substantially the same as the State's Original Motion to Waive Jurisdiction filed in the juvenile court.

The Appellant, subsequent to his indictment and at his arraignment submitted his Motion To Dismiss the Indictment on the grounds that he had been previously tried for the same offense as charged by the indictment, and submitted as proof thereof a statement of facts alluding to the entire proceedings at the Juvenile Court. This Motion was overruled.

Thereafter, the Court entered a plea of "not guilty" for the Appellant who stood "mute" at his arraignment.

Upon the trial of the Case on its merits the Appellant stipulated, for the record, the *same* facts shown at his "juvenile" hearing and he was found guilty of the reduced charge of simple robbery.

The presiding judge who entered Judgment, sentenced the Appellant to 12 years to serve in Texas Department of Corrections, and Appellant duly gave notice of Appeal. This statement of the case alludes to the entire record filed with this appeal from the 178th District Court of Harris County, Texas.

### BRIEF OF THE ARGUMENT

This is not an appeal from the mere fact that Appellant was tried and convicted of "simple robbery" in the 178th District Court of Harris County, Texas, as were this an original trial on its merits. This is an appeal from the lower court's refusal to dismiss the indictment on the basis submitted by the Appellant that he was to be tried *twice* for the same offense.

As the record will reflect, the Juvenile Court heard the *same* evidence introduced in the District Court where Appellant was convicted of "simple robbery," and it is Appellant's most urgent position that jeopardy attached at the juvenile hearings when the juvenile court as the trier of the facts began to hear this same evidence, which convicted Appellant in the District Court.

Appellant submits that *Breed v. Jones* (supra-index) is controlling and that the juvenile Court *adjudicated* that Appellant had violated a criminal statute, and as such the prosecution of respondent in the District Court as an adult after an adjudicatory proceeding in juvenile court violated the double jeopardy closure of the Constitution of the United States.

Though this is a relatively brief "brief," the sole issue involved in this appeal is the applicability of *Breed v. Jones* (supra), and as the record reflects the same identical witness who testified at the juvenile proceeding were the same whose testimony was stipulated at the trial of Appellant in the District Court.

Appellant submits that this Appeal be heard promptly and speedily and that the judgment of conviction be reversed.

Respectfully submitted,

*/s/ Peter Sanchez–Navarro, Jr.*
Peter Sanchez–Navarro, Jr.
Attorney for Appellant
(Pro Bono)
1316 W. Alabama
Houston, Texas 77006
713/522–4253

### CERTIFICATION

I certify that a true and correct copy of Appellants brief was delivered to each of the following:

1.) Honorable Dan E. Walton
178th District Court

Harris County Courthouse
Houston, Texas 77002

2.) Mr. John B. Holmes, Jr.
District Attorney
Harris County Courthouse
Houston, Texas 77002

3.) Ray Hardy
District Clerk, Harris County, Texas
Houston, Texas 77002

at Houston, Texas this 18 day of November, 1980

/s/ *Peter Sanchez–Navarro, Jr.*
Peter Sanchez–Navarro, Jr.

## APPENDIX B

IN THE 178TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

No. 303,538

and

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

IN AUSTIN

No. 10–81–100–CR

TOMMY EDWARD SANDERS,
Appellant

V.

THE STATE OF TEXAS, Appellee.
STATE'S APPELLATE BRIEF

JOHN B. HOLMES, JR.
DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

SUSAN CRUMP
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

JOHN HOLLEMAN
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS
COUNSEL FOR APPELLEE

TO THE RESPECTIVE COURTS:

This is an appeal from the discretionary waiver of jurisdiction in a juvenile matter under Sec. 54.02 of the Texas Family Code. Appellant was arrested on July 19, 1979, for the offense of aggravated robbery (R. 83, 96). On July 26, 1979, the State of Texas filed a Motion to Waive Jurisdiction of the 313th Juvenile Court of Harris County, Texas, in Appellant's case (R. 8). As required by Sec. 54.02(d), Texas Family Code Ann., the juvenile court ordered and obtained a diagnostic study, social evaluation, and investigation of the child (R. 11).

A hearing was held on the State's Motion to Waive on October 4, 1979 (R. 75, 77). At the hearing, the State offered the testimony of Melody Morace, the complainant, who stated that Appellant and two other young males attempted to abduct her from her car on July 19, 1979, at approximately 10:30 P.M. (R. 83). Ms. Morace further testified that Appellant put a gun to her head, told her to, "Move over, bitch", and got into the driver's seat of her automobile (R. 85, 86). Ms. Morace then quickly jumped out of the car and ran over to the car behind her, screaming that someone had pulled a gun on her and stolen her car (R. 87). The evidence further showed that Appellant was caught minutes later running away from Ms. Morace's automobile after Appellant had driven it into a brick wall (R. 89, 96). The court also considered the certification investigation report prepared by R.O.D. Schoenbacher, an employee of the Harris County Juvenile Department, showing that Appellant had been referred to juvenile authorities twenty-three (23) times prior to the incident in question for crimes as diverse as criminal mischief, burglary, and robbery (R. 30–31). The court also received psychological and neurological evaluations of Appellant, all showing Appellant

to be normal (R. 39–46, 50–51). At the conclusion of the hearing, the court granted the State's motion and transferred Appellant to the 178th District Court of Harris County, Texas for prosecution as an adult (R. 10).

On October 30, 1979, Appellant was indicted for the offense of aggravated robbery (R. 6). Appellant subsequently pled not guilty, but also filed a Waiver of Trial by Jury and a Stipulation of Evidence agreeing that if eye-witnesses Morace and Hearnsberger were present to testify, they would testify as to all the elements of robbery as alleged in the indictment (R. 156–157, 197). Based upon the Stipulation of Evidence, the court found Appellant guilty and sentenced him to twelve (12) years in the Texas Department of Corrections (R. 202, 207).

### REPLY TO GROUND OF ERROR ONE

In his sole ground of error, Appellant claims that double jeopardy attached at his discretionary transfer hearing in the juvenile court held pursuant to Sec. 54.02, Texas Family Code Ann., and that he was improperly "retried" when the stipulation of evidence to which he had agreed was submitted in the 178th Criminal District Court, and he was found guilty as an adult.

In support of his contention, Appellant relies on *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), which upheld a juvenile's double jeopardy claim after he was adjudged delinquent in juvenile court, committed to the California Youth Authority for incarceration, and then certified as an adult and tried in California District Court because he was not successfully treatable as a juvenile. The Court in *Breed* reasoned that jeopardy attached at the adjudication hearing because the hearing was in essence a court trial whose object was to determine if a juvenile committed acts which violated the criminal law, and whose potential consequences included the deprivation of liberty for many years. *Id.* at 531, 95 S.Ct. 1779.

The Court in *Breed*, however, distinguished between an adjudication hearing, whose sole purpose is to adjudge and treat a child within the juvenile court system, and a discretionary transfer proceeding, whose purpose is to determine whether a child should be subject to criminal law penalties as an adult. *Id.*, at 537–583, 95 S.Ct. 1779.

In the present case, Appellant was never adjudicated a delinquent as provided for by Sec. 54.03, Texas Family Code Ann. The only hearing held in Appellant's case at the juvenile court level was a hearing for discretionary waiver of jurisdiction and transfer under Sec. 54.02, Texas Family Code Ann. This transfer hearing could not, under the terms of the statute, have resulted in either a determination that Appellant had violated a criminal law or in a substantial deprivation of Appellant's liberty. *D.A.W. v. State*, 535 S.W.2d 21 (Tex. Civ.App.—Houston [14th], 1976) writ ref'd, n.r.e. The evidence heard at the hearing was presented merely to satisfy the juvenile court that it should exercise its discretion to transfer the case to district court for criminal proceedings. *See, In Re Honsaker*, 539 S.W.2d 198 (Tex.Civ.App.—Dallas, 1976) writ ref'd, n.r.e.

Appellant's sole ground of error is without merit and should be overruled. *See, D.A.W., supra.*

### CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

JOHN B. HOLMES, JR.
District Attorney

Harris County, Texas

/s/ *Susan W. Crump*
SUSAN W. CRUMP
Assistant District Attorney
Harris County, Texas

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following address:

Mr. Peter Sanchez–Navarro, Jr.
Attorney at Law
1316 W. Alabama
Houston, Texas 77006

/s/ *Susan W. Crump*
SUSAN W. CRUMP
Assistant District Attorney
201 Fannin, Suite 200
Houston, Texas 77002
(713) 221–5826

Date: _____

vld

## APPENDIX C

IN THE

COURT OF APPEALS

FOR THE

TENTH SUPREME JUDICIAL
DISTRICT OF TEXAS

AT WACO

No. 10–81–100–CR

Tommy Edward SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

May 13, 1982

From 178th Judicial DistrictCourt, Harris County, Texas, Trial Court # 303538.

OPINION

Appellant was convicted of the offense of Robbery and was sentenced to a term of 12 years in the Texas Department of Corrections.

The record reveals the following series of events: on July 19th, 1979 the Appellant, a youth over the age of ten and under the age of 17 and two other young males attempted to abduct one Melody Morace from her automobile at approximately 10:30 p.m. In doing so Appellant placed a gun to the head of Ms. Morace and told her "move over, bitch" and took the driver's seat of her car. Ms. Morace then quickly jumped from the car screaming that a gun had been put to her head and her car stolen. Within a few minutes thereafter, Appellant ran the car into a wall and wrecked it and was apprehended. Being a juvenile, his case was placed in the 313th Juvenile Court of Harris County, Texas.

The State moved the court under the terms of Section 54.02 of the Texas Family Code to waive jurisdiction and transfer the case to the 178th Criminal Court of Harris County on the grounds that it would be in the best interest of Appellant and of the people in view of the aggravated circumstances of the case and the Appellant's previous record.

A hearing was held on the State's motion during which Ms. Morace testified to the facts set forth above. The court ordered a diagnostic study, social evaluation and an investigation of the child. A report of the Harris County Juvenile Department showed Appellant had been referred to the juvenile authorities some 23 times prior to the incident in question. A psychological and neurological evaluation of the Appellant showed him to be normal. At the conclusion of the hearing the court granted the State's motion and transferred the Ap-

pellant to the 178th District Court of Harris County for prosecution as an adult.

On October 30, 1979 Appellant was indicted for the offense of aggravated robbery.

Appellant was plead not guilty and filed a waiver of trial by jury. Appellant and his counsel stipulated that, if the witnesses who testified in the transfer hearing were present, they would testify the same as they did in the transfer hearing and that the transcription of that testimony could be used. Based upon this evidence the court found Appellant guilty and sentenced him to 12 years in the Texas Department of Corrections.

On this appeal Appellant poses the following question:

Was Appellant put in jeopardy at juvenile court at adjudicatory hearing, whose object was to determine whether he had committed acts that violated a criminal law and whose potential consequences included both the stigma inherent in that determination and the deprivation of liberty for many years, and prosecution of Appellant as an adult in district court after Appellant had been found unfit for treatment as a juvenile?

In support of this claim of double jeopardy Appellant cites the case of *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346. In Breed a proceeding against a juvenile was conducted under a California Statute which provided for a transfer hearing and an adjudication hearing in the same proceeding. The court heard evidence concerning whether the juvenile should be transferred and tried as an adult and also heard evidence as to whether he should be adjudicated as a juvenile. The juvenile was later tried in the Superior Court in California on the

charge of a felony, being the same offense for which he was before the juvenile court.

The Supreme Court of the United States in Breed held that jeopardy attached at the adjudicatory hearing in the juvenile court when the court as the trier of facts began to hear evidence. Thus, the juvenile was placed in double jeopardy upon the trial in the Superior Court.

In a lengthy opinion concerning this important question of the handling of juveniles the court stated "We require only that, whatever the relevant criteria, and whatever the evidence demanded, a State determine whether it wants to treat a juvenile within the juvenile-court system *before* entering upon a proceeding that may result in an adjudication that he has violated a criminal law . . . ."

Texas has been careful to divide the hearings on juveniles into three separate parts: (1) the waiver of jurisdiction and discretionary transfer for trial as an adult (Section 54.02 Texas Family Code) (2) the adjudication hearing (Section 54.03 Texas Family Code) and (3) the disposition hearing (Section 54.04 Texas Family Code).

The hearing on the State's Motion to waive jurisdiction held in the 313th Juvenile Court of Harris County was a transfer hearing under Section 54.02 of the Texas Family Code and not, as Appellant contends, a hearing on adjudication. Following the ruling in Breed that the jeopardy attaches at the adjudicatory hearing when the court as the trier of facts begins to hear evidence, we hold, there being no adjudicatory hearing, no jeopardy attached, and therefore the subsequent trial of the Appellant in the 178th District Court of Harris County did not constitute double jeopardy.

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.

GEORGE CHASE
Associate Justice

DO NOT PUBLISH