# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-13-00765-CV

---

**In re I. G.**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 265,220-E, HONORABLE FANCY JEZEK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

I.G., appearing pro se, appeals from the denial of his bill of review in which he asked the trial court to set aside an adjudication of delinquency and an order denying his petition for writ of habeas corpus. We will affirm.

## BACKGROUND

On October 2, 1998, I.G., then eight days shy of his sixteenth birthday, was arrested for the murder of a gun shop owner during a robbery I.G. participated in with three other people. After a magistrate advised him of his rights, I.G. gave a statement to police admitting his involvement in the incident. Shortly thereafter, I.G. retained counsel to represent him. According to the State, the prosecuting attorney and I.G., represented by counsel, reached an agreement that the State would forego seeking to have I.G. transferred to criminal court to be tried as an adult in exchange for I.G.'s agreement to plead true to the allegations in a Determinate Sentence Petition and testify for the prosecution in proceedings against the other three individuals involved in the robbery and murder. On January 7, 1999, I.G. was formally charged by a Determinate Sentence Petition with

the offense of capital murder. On January 30, 1999, I.G., his attorney, and the Bell County Attorney executed an "Agreement for Testimony" memorializing I.G.'s agreement to enter a plea of true and judicially confess to the offense of capital murder and to appear at any proceedings involving the three other people involved in the gun-shop murder and provide truthful testimony regarding the incident. On February 2, 1999, I.G. appeared in juvenile court with his mother and his attorney and pleaded true to the allegations in the Determinate Sentence Petition. At the disposition hearing, I.G. and his attorney signed a "Waiver of Right to Appeal" in which each acknowledged that they knowingly, voluntarily, and intelligently waived the right to appeal. The court followed the county attorney's recommendation that I.G. be given a 40-year determinate sentence. I.G. was then committed to the care, custody, and control of the Texas Youth Commission until his 21st birthday, when he was transferred to the Texas Department of Criminal Justice-Institutional Division.

In July 2012, I.G. filed a petition for writ of habeas corpus in Bell County district court. *See M.B. v. State*, 905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no pet.) ("A juvenile, just as any other person, may challenge a restraint upon his or her liberty by filing an application for writ of habeas corpus in the proper court."); *Ex parte Hargett*, 819 S.W.2d 866, 857 (Tex. Crim. App. 1991) (Article V, section 8 of Texas Constitution gives district court plenary power to issue writ of habeas corpus); *see also* Tex. Fam. Code § 56.01(o) (appeal procedures in Juvenile Justice Code do "not limit a child's right to obtain writ of habeas corpus"). The district court denied the petition in August 2012. In April 2013, I.G. filed a notice of appeal from the trial court's order denying his petition. This Court dismissed the appeal for lack of subject-matter jurisdiction due to I.G.'s failure to timely file a notice of appeal. *See Griffin v. State*, No. 03-13-00263-CR, 2013 WL 2631617,

2

at * 1 (Tex. App.—Austin June 6, 2013, no pet.) (mem. op., not designated for publication). I.G. then filed a bill of review in the Bell County district court. In his bill of review, I.G. challenged both the 1999 adjudication of delinquency and the 2012 denial of his writ of habeas corpus. The trial court denied the bill of review by order dated November 4, 2013. I.G. timely perfected this appeal.

## DISCUSSION

### Challenge to Adjudication of Delinquency by Bill of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Although a bill of review is an equitable proceeding, "the fact that an injustice has occurred is not sufficient to justify relief by bill of review." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). A bill of review, when properly brought, is a direct attack on a judgment. *Fender v. Moss*, 696 S.W.2d 410, 412 (Tex. App.—Dallas 1985, writ ref'd, n.r.e.). A direct attack is a proceeding brought to correct a former judgment and to secure rendition of a single, proper judgment. *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973).

Because I.G. waived his right to appeal, a direct attack seeking to alter or correct the adjudication of delinquency is unavailable, whether by regular appeal or by bill of review. *See* Tex. Fam. Code § 56.01 (if court makes disposition in accordance with agreement between state and child, child may not appeal unless court gives child permission to appeal or appeal is based on matter raised by written motion filed before proceeding in which child entered plea). However, in his bill of review, I.G. contends that because he was not properly served with a summons the juvenile

3

court did not have jurisdiction over the case and, as a consequence, the adjudication of delinquency is void. Thus, I.G. does not seek to alter or correct the prior adjudication of delinquency but rather to set it aside as void. We will therefore review the merits of I.G.'s bill of review.

A direct attack on a judgment by bill of review must be brought within a definite time period—i.e., within four years of rendition of the judgment complained of. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *see also Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) ("The residual four-year statute of limitations applies to bills of review."). The only exception to the statute of limitations is when the petitioner proves extrinsic fraud. *Defee v. Defee*, 966 S.W.2d 719, 722 (Tex. App.—San Antonio 1998, no pet.); *Law v. Law*, 792 S.W.2d 150, 153 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that the party was entitled to assert. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989). It is fraud that occurs in the procurement of a judgment. *Lambert v. Coachmen Indus. of Tex., Inc.*, 761 S.W.2d 82, 87 (Tex. App.—Houston [14th Dist.] 1988, writ denied). The Texas Supreme Court has described extrinsic fraud as occurring when a party "has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney." *Alexander v. Hagedorn*, 226 S.W.2d 996, 1001 (Tex. 1950).

Because he has filed his bill of review outside the four-year limitations period, I.G. must establish extrinsic fraud. The extrinsic fraud I.G. identified in his petition for bill of review of the adjudication of delinquency was that, in his view, the return of service filed in Juvenile Court to reflect service of the summons and the Determinate Sentence Petition was "incomplete." Specifically, I.G. complains of the Officer's Return, which recites:

4

> Came to hand on 13 Jan 99 at 8:55 o'clock a.m.  Executed by delivering a copy of this summons to the within-named _____ in person at Juvenile Center in Bell County, Texas, on the 13 day of Jan 1999 at 3:30 o'clock p.m.

The body of the summons commands the sheriff to "summon [I.G.]" to appear in Juvenile Court on a date and time certain.  I.G. contends that the return of service is "incomplete" because his name is not written in the blank space in the Officer's Return.  I.G. argues that "because of the incomplete officer's return of service and the non-completion of the service itself, the juvenile court has failed to establish its jurisdiction over the appellant—rendering his entire proceedings, including the charge and its punishment, void for lack of jurisdiction."  I.G. asserts that this alleged defect in service amounts to "extrinsic fraud" that tolled the four-year statute of limitations for filing his bill of review.  We are not persuaded that an incomplete return of service, without more, constitutes extrinsic fraud that tolls commencement of the time period for I.G. to file a bill of review.  *Cf. Lambert*, 761 S.W.2d at 87 (observing that fraudulent failure to serve defendant with personal service, in order to obtain judgment against him without actual notice, has been held to be extrinsic fraud).  I.G. has failed to demonstrate any other "extrinsic fraud" that would toll the limitations period for filing his bill of review.  The trial court properly denied I.G.'s request to vacate the adjudication of delinquency by bill of review.  We overrule I.G.'s first issue.

### Challenge to Denial of Petition for Writ of Habeas Corpus by Bill of Review

In his second issue, I.G. complains that he was "extrinsically defrauded in the review of his petition for habeas corpus" because the trial court incorrectly handled the petition as though it were a post-conviction petition for writ of habeas corpus filed pursuant to article 11.07 of the

5

Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art 11.07 (establishing procedures for application for writ of habeas corpus in which applicant seeks relief from felony judgment). I.G. argues that his petition was a "pre-trial petition" as opposed to a "post-conviction application" and that it should have been handled in accordance with articles 11.10, 11.11, and 11.15. *See id.* arts. 11.10 (judge shall appoint time when he will examine applicant's cause and issue writ returnable at that time), 11.11 (time for hearing shall be earliest day judge can devote to hearing), 11.15 (writ shall be granted without delay unless it is manifest from petition itself or from attached documents that party is entitled to no relief). Instead, I.G. complains, the court permitted the State to file a response and then denied relief without a hearing or considering his reply to the State's response.

I.G. maintains that the petition for writ of habeas corpus was meritorious because it was a collateral attack on a void adjudication of delinquency. Specifically, I.G. contends that the adjudication of delinquency is void because the service of the summons ordering him to appear was "incomplete" and consequently the record does not contain evidence demonstrating that he was served. The record in this case includes a summons with an officer's return. A return of service has long been considered prima facie evidence of the facts recited regarding service. *See, e.g.*, *Pleasant Homes, Inc. v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989) (per curiam). We do not agree that the officer's return ceases to be prima facie evidence of service on I.G. because of the officer's failure to write I.G.'s name in the blank after the words "within-named." The summons is plainly directed to I.G., and it is apparent that I.G. is the "within-named" person. The officer's return thus sufficiently recites that the summons was served on I.G. At most, the failure to write I.G.'s name in the blank after "within-named" might constitute a defect in the officer's return.

6

Texas courts have determined that certain defects in the notice process may be waived. *See e.g., Hildalgo v. State*, 945 S.W.2d 313, 318 (Tex. App.—San Antonio 1997), *aff'd*, 983 S.W.2d 746 (Tex. Crim. App. 1999) (order authorizing service of summons to juvenile directed summons to incorrect name, and summons itself failed to (1) state date petition was filed, or (2) name attorney for petitioner); *R.A.G. v. State*, 870 S.W.2d 79, 82-83 (Tex. App.—Dallas) (record indicated that clerk, not juvenile court, directed issuance of summons), *rev'd on other grounds*, 866 S.W.2d 199 (Tex. 1993); *In the Matter of K.P.S.*, 840 S.W.2d 706, 709 (Tex. App.—Corpus Christi 1992, no writ) (trial judge's oral summons and in-court service of petition on juvenile sufficient to satisfy section 53.06); *Sauve v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd) (no written order directing issuance of summons to juvenile). Thus, a juvenile may waive the right to complain about defects in the summons by appearing voluntarily at the hearing, indicating that he was aware of the nature of the proceedings, and failing to object to defects in the summons. *See D.A.W. v. State*, 535 S.W.2d 21, 22 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *see also Sauve*, 638 S.W.2d at 610 (defects in officer's return must be attacked in juvenile court).

Here, the record shows that summons was issued to I.G. directing him to appear at the date, time, and place set for the adjudication hearing. Although the officer's return did not include I.G.'s name in the blank, the officer signed the return indicating it had been delivered to the person named in the summons. I.G. appeared at the hearing and was admonished regarding the nature and consequences of the proceedings. The juvenile court made a specific finding in its adjudication order that I.G. was summoned in accordance with Family Code section 53.06. Therefore, we conclude that the juvenile court record, as a whole, affirmatively shows appellant was served with summons.

7

*See In re C.C.G.*, 805 S.W.2d 10, 12-13 (Tex. App.—Tyler 1991, writ denied). Further, we conclude that by voluntarily appearing at the hearing and failing to challenge the return, I.G. waived the right to complain about the defects, if any, in the officer's return.

As set forth above, we disagree that the alleged defect in service identified by I.G. meant that he was not served with a summons to appear in the Juvenile Court and, consequently, that the adjudication of delinquency is void. Moreover, articles 11.10, 11.11, and 11.15 govern petitions for writ of habeas corpus filed pursuant to articles 11.08 and 11.09. *See* Tex. Code Crim. Proc. arts. 11.08 (writ of habeas corpus available to person confined after indictment on charge of felony); 11.09 (writ of habeas corpus available to person confined on charge of misdemeanor). These writs apply to persons confined on charges of criminal offenses, not to a person who has been adjudicated delinquent. I.G.'s right to petition for a writ of habeas corpus arises out of article V, section 8 of the Texas Constitution, not from the Texas Code of Criminal Procedure. *See In re Brian Dwayne Dorsey*, No. WR-80,357-04, slip op. ¶¶ 3-5 (Tex. Crim. App. July 1, 2015) (Richardson, J., concurring statement) (explaining manner in which juvenile offender who has been transferred to TDCJ may seek writ of habeas corpus); *M.B. v. State*, 905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no writ) (juvenile may challenge restraint on liberty by filing application for writ of habeas corpus in proper court); *In re Torres*, 476 S.W.2d 883, 884 (Tex. Civ. App.—El Paso 1972, no writ) (article V, section 8 of Texas Constitution grants Texas district courts plenary power to grant writs of habeas corpus). Proceedings instituted under the Juvenile Justice Code are governed by the Texas Rules of Civil Procedure, not the Texas Code of Criminal Procedure. *In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993) (except when in conflict with provision of Family Code, Texas Rules of Civil

8

Procedure govern juvenile proceedings). Consequently, the trial court did not, as I.G. maintains, abuse its discretion by not setting an early hearing to consider his petition for writ of habeas corpus or by permitting the State to file a response. I.G.'s bill of review challenging the denial of the petition for writ of habeas corpus was properly denied. We overrule I.G.'s second appellate issue.

## CONCLUSION

Having overruled I.G.'s two appellate issues, we affirm the trial court's order denying his bill of review.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: July 17, 2015